UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL HOWARD EMERSON,

        Petitioner,                  Case No. 2:07-cr-20403-VAR-MKM
                                            Hon. Victoria A. Roberts

v.

UNITED STATES OF AMERICA,

        Respondent.

---

**ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 AND MOOTING OTHER PENDING MOTIONS, GRANTING PETITION TO PROCEED IN FORMA PAUPERIS, AND DENYING PETITIONER'S CERTIFICATE OF APPEALABILITY**

## I.   BACKGROUND

In August 2007, the Government charged Petitioner Paul Howard Emerson ("Emerson") in a 108 count indictment for various controlled substance violations. In January 2009, Emerson pled guilty under Rule 11 of the Federal Rules of Criminal Procedure to Counts 1 (Conspiracy to Distribute Controlled Substances) and 2 (Unlawful Distribution of Controlled Substances Resulting in Death), in exchange for the dismissal of other charged counts and a reduced maximum sentence of 144 months imprisonment. As part of the plea agreement, Emerson waived his right to appeal the conviction or sentence imposed by the Court.

After pleading guilty, Emerson failed to file: (1) a direct appeal; and (2) a motion under 28 U.S.C. § 2255 within the mandatory one-year statutory period. His conviction became final after failure to appeal on October 31, 2010, and he did not file this motion until January 21,

2015, over four years after his conviction became final. These failings are procedural bars to Emerson's collateral attack under 28 U.S.C. § 2255. While a claim of "actual innocence" can act as an equitable exception to these procedural bars under certain circumstances, Emerson fails to meet the requirements to establish a claim of actual innocence.

Emerson's habeas petition to vacate his sentence is **DENIED**, (Doc. No. 223); and, the Court **GRANTS** the Government's Motion to Dismiss Petitioner's Motion to Vacate (Doc. No. 238). Accordingly, Emerson's other pending motions are moot: (1) Motion for Discovery (Doc. No. 236); (2) Motion for Discovery (Doc. No. 239); (3) Motion for Continuance Time (Doc. No. 242); (4) Motion to Compel (Doc. No. 245); and (5) Motion to Vacate (Doc. No. 253).

## II.     INTRODUCTION

Emerson moves to vacate his federal conviction under 28 U.S.C. § 2255. Emerson claims that he received ineffective assistance of counsel in violation of his Sixth Amendment right because his attorney: (1) failed to investigate and present evidence showing that the autopsy report and drug screening related to Stephen Slone's death did not test him for heroin usage; and (2) relied on the autopsy report provided through the discovery process and failed to obtain a certified copy. Emerson claims that Mr. Slone's wife and brother informed him that Mr. Slone injected heroin on the night of his death. Emerson argues that his attorney's failure to obtain medical reports testing for heroin as the cause of Mr. Slone's death constitutes ineffective assistance of counsel.

Emerson also argues that Mr. Slone did not die from the methadone dosage that Emerson prescribed. Emerson states that Mr. Slone had five times more than his prescribed dosage in his body at the time of death. He argues that if Mr. Slone was taking five times the dosage, the last

2

prescription given by him would have lasted only six days. Therefore, the methadone in Mr. Slone's system at the time of his death was obtained from sources other than Emerson.

Finally, Emerson claims that the Government offered circumstantial evidence and failed to provide direct evidence of his intent to commit a crime or to aid and abet a crime. He claims that the circumstantial evidence did not establish his guilt or provide a sufficient basis to indict him.

The Government contends that Mr. Slone's autopsy examination and drug screening show that he took the methadone, Xanax, and hydrocodone that Emerson prescribed him and he died of methadone intoxication; there was no evidence that Mr. Slone used heroin. The Government also argues that because Emerson pled guilty and took responsibility for the death of Mr. Slone, the United States did not need to produce evidence that Emerson knowingly prescribed a fatal dose of methadone to Mr. Slone and that heroin was not the cause of death. The Government argues that Mr. Slone's toxicology reports establish the facts against Emerson and a medical expert was prepared to testify that Emerson prescribed controlled substances to Mr. Slone outside of legitimate medical practice.

**III.    ANALYSIS**

    **A.  STRICKLAND STANDARD**

To establish ineffective assistance of counsel, a defendant must show that his attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 669 (1984). A defendant must also show that his attorney's performance "prejudiced the defense" and that there is a reasonable probability that the result of the case would differ but for his attorney's unprofessional errors. *Id*. When defendants such as Emerson plead guilty, they must satisfy the prejudice requirement by showing that "there is a reasonable

3

probability that, but for their attorney's errors, [they] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52 (1985). Emerson claims prejudice; he says the outcome of the case would have been different had his attorney obtained medical records testing Mr. Slone for heroin.

### B. PROCEDURAL BARS

Even if Emerson has a cognizable claim, he is procedurally barred from collaterally attacking his conviction for two reasons. First, Emerson failed to challenge the validity of his guilty plea on direct appeal. "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *Mabry v. Johnson*, 467 U.S. 504, 508 (1984). The voluntariness and intelligence of a guilty plea can only be attacked on collateral review if first challenged on direct appeal. *Id.* at 508-09. By his failure to challenge the voluntariness and intelligence of his guilty plea on direct appeal, Emerson is procedurally defaulted from presenting his claim.

Secondly, Emerson failed to file this motion within the one-year statutory period. See *Clay v. United States*, 537 U.S. 522, 524 (2003). Emerson's conviction was entered on October 21, 2010. In *Sanchez-Castellano v. United States*, the Sixth Circuit held that the one-year statutory period for filing a motion to vacate begins to run ten days after the conviction is entered, if the defendant does not appeal. *Sanchez-Castellano v. United States*, 358 F.3d 424 (6th Cir. 2004). Emerson's conviction became final on October 31, 2010 due to his failure to appeal. His motion under § 2255 should have been filed within one year, or before October 31, 2011. He did not file this motion until four years after his conviction in January 2015. He is, therefore, time-barred under 28 U.S.C. § 2255(f) from filing this motion.

4

### C. "GATEWAYS" TO PROCEDURAL BARS

#### i. THE DOCTRINE OF "EQUITABLE TOLLING" IS INAPPLICABLE.

There are two "gateways" that could allow Emerson to obtain collateral relief despite the procedural bars: (1) "equitable tolling"; and (2) "actual innocence." The doctrine of equitable tolling requires a petitioner to show that: (1) he has been pursuing his rights diligently; and (2) some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010). Emerson does not rely on this doctrine and does not claim that he met the required showing under the two prongs of analysis. Indeed, his unexplained delay of over four years between the finality of his conviction and the pursuit of collateral relief suggests that Emerson lacked diligence in pursuing his rights. Further, Emerson does not show that any extraordinary circumstance stood in his way to prevent timely filing. Equitable tolling is inapplicable to Emerson's claim.

#### ii. THE "ACTUAL INNOCENCE" EXCEPTION IS INAPPLICABLE.

A claim of "actual innocence" is another gateway through which a habeas petitioner can pass to have his otherwise barred constitutional claim considered on the merits. *Herrera v. Collins*, 506 U.S. 390, 404, 113 S. Ct. 853, 862, 122 L. Ed. 2d 203 (1993). In *McQuiggin v. Perkins*, the Supreme Court recognized that an actual innocence claim can overcome both the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations for filing habeas petitions and a lack of exhaustion for claims defaulted in state court under state timeliness rules. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-35, 185 L. Ed. 2d 1019 (2013).

To establish a credible claim of actual innocence, a habeas petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of "new reliable

evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324, 115 S. Ct. 851, 865, 130 L. Ed. 2d 808 (1995). Application of the *Schlup* standard to the facts of this case makes it clear that Emerson does not present a credible claim of actual innocence. He offers no new evidence and, therefore, fails to meet a necessary requirement. The only actual "evidence" Emerson offers is a timeline of events leading to the death of Mr. Slone. Emerson's description of the sequence of events is directly contradicted by evidence in the record. Furthermore, it does not qualify as "new" evidence under *Schlup*; Emerson was aware of all the relevant facts of this event pattern when he pled guilty under a plea agreement.

Emerson's argument that his attorney should have obtained a certified copy of the autopsy report of Mr. Slone is groundless. Emerson suggests that he has a due process right to the certified copy as evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), but the ruling in *Brady* does not extend to the post-conviction context. *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68, 129 S. Ct. 2308, 2319-20, 174 L. Ed. 2d 38 (2009). Nor would the certified copy be materially different from the report issued by the Wayne County Medical Examiner, which was provided to Emerson prior to his guilty plea. Therefore, even if Emerson did obtain the certified copy, it would not qualify as new evidence.

While it is not necessary to consider the merits of Emerson's underlying claim, it appears unlikely that Emerson could make any convincing innocence argument. Even if Emerson acquired new evidence showing that Mr. Slone had heroin in his system at the time of death, Emerson already admitted to prescribing Mr. Slone a fatal dose of methadone. Because the methadone prescription was sufficient to cause death and because the Wayne County Medical Examiner concluded that the cause of death was methadone intoxication, it would be exceedingly

difficult for Emerson to show that it is more likely than not that no reasonable juror would have convicted him.

## IV. CONCLUSION

The Supreme Court has "consistently affirmed that a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 164-65, 102 S. Ct. 1584, 1592-93, 71 L. Ed. 2d 816 (1982). Further, the Court recognizes that "the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas." *United States v. Timmreck*, 441 U.S. 780, 784, 99 S. Ct. 2085, 2087, 60 L. Ed. 2d 634 (1979). Emerson's constitutional claim is procedurally barred from consideration; he failed to timely file his motion and does not establish an "actual innocence" equitable exception to overcome the procedural bars.

The Court **DENIES** Emerson's motion and **GRANTS** the Government's Motion to Dismiss Petitioner's Motion to Vacate. Emerson's other pending motions are moot: (1) Motion for Discovery Evidence (Doc. No. 236); (2) Motion for Discovery Evidence (Doc. No. 239); (3) Motion for Continuance Time (Doc. No. 242); (4) Motion to Compel (Doc. No. 245); and (5) Motion to Vacate (Doc. No. 253).

The Court has reviewed the petition to proceed in forma pauperis, the affidavit in support, and the financial status communication; the Court **GRANTS** permission for Emerson to proceed in forma pauperis under Rule 24(a) of the Federal Rules of Appellate Procedure. Fed. R. App. P. 24.

The Court **DECLINES** to issue a certificate of appealability. A certificate should issue if the petitioner demonstrates a "substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2). When the district court denies a habeas petition on procedural grounds

7

without reaching the prisoner's underlying constitutional claim, a certificate should issue "when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000).

The Court correctly disposes of this case because of a plain procedural bar, and no reasonable juror would find it debatable whether the Court erred in its procedural ruling. Therefore, the Court **DENIES** Emerson a certificate of appealability.

**IT IS ORDERED**.

S/Victoria A. Roberts
United States District Judge

Dated: July 28, 2015